**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER DIAZ MARTINEZ, | No. 12-71822 |
| Petitioner, | |
| v. | Agency No. A071-581-265 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 5, 2017
Pasadena, California

Before: GRABER, SACK,[**] and MURGUIA, Circuit Judges.

Petitioner Alexander Diaz-Martinez timely seeks review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's

("IJ") order finding him removable. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The Honorable Robert D. Sack, United States Circuit Judge for the Court of Appeals for the Second Circuit, sitting by designation.

1. The BIA correctly held that the admission of Petitioner's earlier statements and other evidence violated neither 8 C.F.R. § 287.3(c) nor the Fifth Amendment. Because Petitioner's earlier statements were made days before the issuance of the notice to appear, § 287.3(c) does not apply. Samayoa-Martinez v. Holder, 558 F.3d 897, 901–02 (9th Cir. 2009); In re E-R-M-F-, 25 I. & N. Dec. 580, 582–85 (B.I.A. 2011). "Miranda warnings are not required before questioning in the context of a civil deportation hearing," United States v. Solano-Godines, 120 F.3d 957, 960 (9th Cir. 1997), and Petitioner has not argued that his statements were coerced.

2. The BIA correctly held that, unlike in Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674 (9th Cir. 2005), the admission of earlier statements by Petitioner's friend, in this case, was irrelevant to the BIA's analysis. The BIA relied only on the testimony of Petitioner and other witnesses at the merits hearing.

3. Substantial evidence supports the agency's adverse credibility determination. See Perez-Arceo v. Lynch, 821 F.3d 1178, 1183 (9th Cir. 2016) (stating standard of review). Petitioner admitted at the merits hearing that he had lied to border patrol officers about his attempted entry into the United States. See Silva-Pereira v. Lynch, 827 F.3d 1176, 1187 (9th Cir. 2016) (holding that an admission of prior dishonesty can support an adverse credibility finding), cert.

2

denied, 137 S. Ct. 1366 (2017). The IJ noted that Petitioner could not explain adequately why he lied. In view of the implausibility of Petitioner's testimony,[1] the record does not compel the conclusion that Petitioner's story—that he was an innocent participant in his friend's devious plan—was truthful. Accordingly, the BIA correctly concluded, in light of the adverse credibility finding, that there was substantial evidence that Petitioner attempted to aid and abet alien smuggling.[2]

4. The BIA did not err in applying the "clear and convincing" standard instead of the "clear, unequivocal, and convincing" standard. See Mondaca-Vega v. Lynch, 808 F.3d 413, 419–22 (9th Cir. 2015) (en banc) (holding that the two standards are the same), cert. denied, 137 S. Ct. 35 (2016).

**Petition DENIED.**

---

[1] Petitioner knew that his friend was not a United States citizen and that his friend's visa had been cancelled just two weeks earlier, after he tried to walk across the border.

[2] Because we deny the petition on this ground, we need not reach the BIA's alternative holding that, crediting Petitioner's testimony, he engaged in alien smuggling.

*Diaz-Martinez v. Sessions*, No. 12-71822

Murguia, Circuit Judge, dissenting in part:

I disagree with the majority that the BIA correctly concluded, based on the adverse credibility determination, that Diaz-Martinez aided alien smuggling. No party, judge, or court—not the immigration judge, not the BIA, and not the government on appeal—has argued that the adverse credibility determination provided the basis for Diaz-Martinez's conviction of aiding alien smuggling. The IJ never referenced the adverse credibility determination in its analysis of why Martinez aided alien smuggling; the BIA explicitly stated that the adverse credibility finding "is not essential to removability." Because the agency never explicitly (or, in my view, implicitly) relied on the adverse credibility determination for its substantive finding that Diaz-Martinez aided alien smuggling, I would grant the petition. At the very least, we should have remanded this case to the BIA to address the significance, if any, of the adverse credibility determination.

The majority relies on *Silva-Pereira v. Lynch*, 827 F.3d 1176 (9th Cir. 2016), for its conclusion that substantial evidence supported the BIA's adverse credibility determination.[1] *Silva-Pereira* at best stands for the simple notion that a pre-removal-proceeding lie can "support" an adverse credibility determination that already is supported by multiple inconsistencies in the petitioner's asylum

---

[1] Neither party cited or briefed *Silva-Pereira*.

1

application and testimony before the IJ. *Id.* at 1185–87. In contrast to the petitioner in *Silva-Pereira*, here, the *only* basis for the adverse credibility determination is the fabricated story Diaz-Martinez told immigration officials at secondary inspection. Diaz-Martinez never made an inconsistent or untrue statement in his filings or testimony before the IJ. The majority elevates *Silva-Pereira* to a status not envisioned by that case and with potentially dramatic unintended consequences.

I have little doubt that a proper adverse credibility determination could support the BIA's decision in this case—if the BIA actually relied on the determination. But the BIA did not do so, and our job is not to supply the agency's reasoning for it. In *Altamirano v. Gonzales*, we refused to consider BIA's argument on appeal that the petitioner's presence in the car provided an air of normalcy and therefore constituted an affirmative act constituting aiding alien smuggling, because "[t]his . . . was not the basis for the IJ's decision." 427 F.3d 586, 595 (9th Cir. 2005). We explained that "[w]e 'may not accept appellate counsel's post hoc rationalizations for agency action; *Chenery* requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself.'" *Id.* (quoting *Burlington Truck Lines Inc. v. United States*, 371 U.S. 156, 168–69 (1962)). Here, not only does the majority ignore the

2

warning not to permit post hoc rationalizations for agency action, but the majority doubly errs by actually *supplying* the post hoc rationalization.

Based on *Altamirano*, I would grant the petition. At the very least, however, we should have taken a more cautious approach and remanded the case so that the agency can explain the significance, if any, of the adverse credibility determination. Because the majority decision allows for the removal of Diaz-Martinez based on reasoning that neither the IJ nor the BIA relied on, I must respectfully dissent.